Clyde A. Armstrong and Ethlyn L. Armstrong v. Commissioner. Clyde A. Armstrong v. Commissioner.
Armstrong v. Commissioner
Docket Nos. 10434 and 12710.
United States Tax Court
1947 Tax Ct. Memo LEXIS 93; 6 T.C.M. (CCH) 997; T.C.M. (RIA) 47245; August 29, 1947
*93 Lee W. Eckels, Esq., 2812 Grant Bldg., Pittsburgh 19, Pa., for the petitioners. A. W. Dickinson, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: In these consolidated proceedings, respondent determined deficiencies in income and victory tax for 1943 and in income tax for 1944 as follows: Docket
No.
Petitioners
Year
Deficiency
10434
Clyde A. Armstrong
1943
$3,833.34
Ethlyn L. Armstrong
12710
Clyde A. Armstrong
1944
101.73
Because of the provisions of the Current Tax Payment Act of 1943, the year 1942 is also involved. Each of the parties having conceded certain issues, all of the deficiencies are not now in question. The sole issue that remains is whether respondent erred in disallowing as a deduction in each of the years involved a proportion of dues paid by petitioner Clyde A. Armstrong to two Pittsburgh social clubs, and claimed by him to represent ordinary and necessary business expenses. Some of the facts have been stipulated. Findings of Fact The stipulated facts are hereby found accordingly. Petitioners, Clyde A. Armstrong and Ethlyn L. Armstrong, are husband and wife and *94 are residents of Pittsburgh, Pennsylvania. (Hereafter Clyde A. Armstrong will be referred to as petitioner.) For each of the years 1942 and 1944, petitioner filed an individual tax return. For 1943, a joint return was filed. All of the returns, prepared on a cash basis, were filed with the collector for the 23rd district of Pennsylvania. Petitioner is an attorney, a member of the Pittsburgh law firm of Thorp, Bostwick, Reed and Armstrong. On the 1942 return, petitioner claimed as a deduction the sum of $50, constituting 50 per cent of the membership dues of $100 paid by him for his membership in the University Club, a social club of Pittsburgh. On the 1943 return, a deduction of $317.71 was claimed, constituting 50 per cent of 7/12ths of the membership dues of $100 paid to the University Club and representing the amount of such dues allocable to the first seven months of 1943; and 50 per cent of the membership and initiation fee paid by petitioner to the Duquesne Club, another social club of the city, covering petitioner's membership in that club for the last five months of 1943. Petitioners now concede that respondent correctly disallowed $250 of the 1943 deduction, constituting *95 50 per cent of the initiation fee paid to the Duquesne Club. On the 1944 return, a deduction of $130.43 was claimed, representing 25 per cent of membership dues and Federal excise tax thereon paid to the University Club, and 50 per cent of the membership dues and Federal excise tax thereon paid to the Duquesne Club. For each of the years, respondent disallowed the claimed deductions, representing club dues, but did allow as a deduction 50 per cent of the house bills incurred by petitioner at each of the clubs during the years involved. Petitioner first became a member of the University Club in 1936, his purpose in joining being to have available facilities for the entertainment of his clients. In July 1943, he joined the Duquesne Club for the same reason. The facilities of the latter were used primarily for luncheon meetings, while those of the University Club were used both for luncheon and evening meetings. Petitioner's purpose in joining was not particularly to make contacts productive of new business, and the facilities were not so used, and their use did not result in the production of new business. Although his purpose in joining both clubs was primarily for business *96 reasons, petitioner has entertained at both clubs on occasions unrelated to his business. Petitioner's personal use of the clubs did not extend beyond use of the dining facilities. He was a member of still a third club - a country club - which was availed of by petitioner solely for non-business use. Petitioner used the club facilities of the University and Duquesne Clubs not less than 50 per cent of the time for entertaining clients and other purposes incident to the practice of his profession as an attorney. Opinion None of the narrow distinctions advanced here by respondent to justify disallowance of the claimed deductions for club dues appears persuasive either in logic or on authority. If the cost of meals served at a club to clients is an ordinary and necessary expense of an attorney's profession, it is difficult to see that the allocable portion of the dues themselves, which in a sense are an added cost of the meal, are not. ; , affirmed (C.C.A., 2nd Cir.), . If the production of business through membership in a club renders the dues an allowable deduction, *97 it is hard to believe that the facilitation and retention of that business does not. , reversed without discussion of the point (C.C.A., 9th Cir.), . Cf. . And if the use of a social club entirely for business justifies deducting all of the dues, it is not clear why comparable partial use does not authorize a similar deduction for an allocable portion clearly attributable to the business use. ; . Emphasizing that disposition of such claims "turns on the facts of each case," , and that we are here deciding only the immediate litigation, we consider that the limitation of petitioner's original purpose to professional use, the detailed statement of actual relationship to professional occasions which the record contains, and the evidence of the incidental and less extensive use for social purposes justifies the allowance of the deduction for a part, though it would not for all, of the dues required *98 to maintain the memberships in question. On this issue the deficiency is disapproved. Because of other items, Decisions will be entered under Rule 50.